## KEYSTONE DRAINAGE DISTRICT *v.* DRAINAGE DISTRICT No. 16.

### Opinion delivered November 15, 1915.

1. DRAINAGE DISTRICTS—POWER OF BOARD—FORMATION OF ANOTHER DISTRICT—RIGHT TO OBJECT.—Commissioners of a drainage district, in the absence of express statutory authority, have no power to remonstrate against the formation of another district which includes lands embraced in the district for which they are appointed.

2. IMPROVEMENT DISTRICTS—RIGHT TO REMONSTRATE.—The law confers no power upon one improvement district as such, to remonstrate against the inclusion of such district in some other or greater district. One drainage district, under the law, has no authority to object to the formation of another drainage district.

Appeal from Mississippi Circuit Court; *J. F. Gautney,* Judge; reversed.

#### STATEMENT BY THE COURT.

A petition was filed in the Mississippi circuit court for the Chickasawba District for the organization of a drainage district, to be designated as the Keystone Drainage District, embracing something more than 237,000 acres of land in Mississippi, Craighead and Poinsett counties. The petition was filed under the general laws as contained in the act of May 27, 1909, as amended by the acts of April 28, 1911, and March 13, 1913. The petitioners executed a bond, an engineer was appointed to make the preliminary survey, and he afterwards filed his report. Due notice was given and the cause was set for hearing April 7, 1915.

The engineer reported that the contemplated improvement would benefit the lands described in the report,

and recommended that these lands be incorporated into a drainage district as prayed in the petition.

Remonstrances to the establishment of the district were filed by five land owners. It was shown that the petitioners for the district owned 54.3 per cent. of the entire acreage of the proposed district and 59.2 per cent. of the total value of the lands in the district.

The engineers for the district testified that the proposed district includes the area embraced in Drainage District No. 16, the latter district containing 60,872 acres; that Drainage District No. 16 did not have sufficient outlet to drain the lands embraced in it; that the work projected by that district would not take care of the drainage that would empty into it from water coming down from Missouri, and that the work of that district would interfere with any well devised plan to get rid of the water which the Keystone Drainage District was intended to carry off.

The judgment of the court establishing the Keystone Drainage District recites as follows:    "And it appearing that the engineer of the district has reported that all of said lands would be benefited by the proposed improvement district, and it appearing that due notice has been given for two weeks as required by law, of the hearing upon the report of the said engineer and upon the petition, and the matter now coming on for hearing, and evidence being introduced in favor of the establishment of said district, and protest of State National Bank of St. Louis and others, and the court having heard all the property owners within the district who wished to appear and advocate or resist establishment thereof, and the petition of the commissioners of Drainage District No. 16, of Mississippi County, Arkansas, to have the lands included in said drainage district excluded from the Keystone Drainage District coming on to be heard, the court finds that the lands in Drainage District No. 16 should be excluded from the present drainage district;" (Then follows description of lands in Drainage District No. 16).   Then follows the order of the court ex-

cluding the lands contained in Drainage District No. 16. The court, after excluding these lands, proceeded to make an order establishing the Keystone Drainage District of the other lands in the petition, and appointed commissioners, etc., for such district. The petitioners for the establishment of the Keystone Drainage District excepted to the rulings of the court granting the petition of the commissioners of Drainage District No. 16 and in excluding the lands contained in that district from the Keystone Drainage District, and in not establishing the Keystone Drainage District as prayed in the petition. This exception was duly preserved and set up as the only ground in the motion for a new trial, which, being overruled defendant duly prosecutes this appeal.

*Coleman, Lewis & Cunningham,* for appellant.

1. The commissioners of District No. 16 had no right to intervene, nor was the act of the commissioners the act of the district. 103 Ark. 452; 109 *Id.* 90; 90 *Id.* 29; 236 Mo. 94; 240 *Id.* 85; 83 Neb. 784; 165 N. C. 697; 162 Iowa, 364. The judgment is wrong, because the whole proceeding was anomalous and in conflict with our drainage acts. The statute does not permit an intervention for the purpose of *excluding* lands from a district. 108 Ark. 141.

The question of benefits can be raised solely on the assessment and not on a petition to exclude the land because it will not be benefited. 59 Ark. 537. One district has no authority to object to the formation of another drainage district. 103 Ark. 452-463. One district may be embraced in another if additional benefits accrue to property in the old district. 109 Ark. 90.

*J. T. Coston,* for appellee.

1. The court had no jurisdiction to create the Keystone district. Acts 1911, p. 193-4; 25 N. E. 999. The report of the engineer was not filed until the case was tried. Acts 1911, 195-6.

2. But if the court had jurisdiction no error was committed in excluding the lands in District No. 16. They were not benefited. Art. 19, § 27 Const.; 1 Page &

Jones, § 82; Acts 1909, p. 840, § 12; 32 Ark. 39; 83 Ark. 154; 86 Ark. 1; 67 N. E. 362; 51 *Id.* 205; 177 S. W. 880.

3.   The appeal was premature.   Acts 1913, p. 741; Const., art. 7, § 4; 39 Ark. 87; 52 *Id.* 224; 94 Ark. 119; 42 Ark. 372.

WOOD, J., (after stating the facts).   The only question presented by the appeal is whether or not the trial court erred in excluding the lands embraced in Drainage District No. 16 from the petition for the establishment of Keystone Drainage District, and in establishing the latter district with those lands excluded.

(1)   The statute under which the commissioners of Drainage District No. 16 were appointed conferred no power upon those commissioners to remonstrate against the formation of Keystone Drainage District, although it was proposed by the commissioners for that district to include the lands already embraced in Drainage District No. 16.   The commissioners of a drainage district can exercise only such powers as are expressly conferred or necessarily implied from the powers which have been expressly granted.   The power to remonstrate against the formation of other districts including the lands within the district for which they may be appointed is not expressly conferred upon commissioners of drainage districts, nor is it necessarily implied from the powers which are expressly conferred upon them.

(2)   If the intervention of the commissioners of District No. 16 be considered as the act of the district itself, still the law confers no power upon one improvement district as such to remonstrate against the inclusion of such district in some other or greater district.   One drainage district, under the law, has no authority to object to the formation of another drainage district.

In *Lee Wilson & Co.* v. *Compton Bond & Mort. Co.* 103 Ark. 452-463, we said: "It is also urged that one tract of land included in this drainage district was located in another drainage district, and was therefore not subject to an assessment in this district, which, it is claimed, would be making a double assessment upon this land for drainage purposes.   But this question involves

solely the amount of the benefits which such land receives from the drainage system within this district, and with which it should alone be charged. It does not involve the power to include this land within the drainage district. The land may be benefited by both drainage districts.''

And in *Sembler* v. *Water & Light Imp. Dist.* 109 Ark. 90, we held that one improvement district may be embraced ''in a new district covering a broader territory if additional benefits accrue to the property in the old district.''

The judgment of the court in establishing the Keystone Drainage District, and excluding the lands embraced in Drainage District No. 16, was erroneous and it was a final order from which petitioners had a right to appeal. The establishment of such district, after excluding the land embraced in District No. 16, was not in conformity with the prayer of their petition, and the district thus created had no basis, under the statute, to rest upon. The judgment is therefore reversed and the cause will be remanded with directions to dismiss the intervention of the commissioners of Drainage District No. 16, and for further proceedings according to law.