REITZAMMER v. DESHA ROAD IMPROVEMENT DISTRICT No. 2.

Opinion delivered June 9, 1919.

1.  STATUTES — AMENDMENT — CHANGING ORIGINAL PURPOSE.—Const. 1874, art. 5, § 20, prohibiting the amendment of a bill so as to change its original purpose, does not prohibit the House from amending a Senate bill by striking out of bill all after the enacting clause and substituting a new bill in lieu thereof if the amendment does not change the original purpose.

2.  HIGHWAYS—EMBRACING LAND IN SEVERAL DISTRICTS.—There is no constitutional objection to embracing lands in more than one road district if they will be benefited by the roads constructed in each of the districts.

3.  SAME—VALIDITY OF STATUTE—APPOINTMENT OF COMMISSIONERS.—
Acts 1919, No. 202, creating Desha Road Improvement District
No. 2, is not invalid because of the right given to the commis-
sioners to select their successors.

4.  SAME—VALIDITY OF STATUTE—COUNTY JUDGE AS COMMISSIONER.—
Said act is not void by reason of making the county judge *ex-
officio* a member of the board of commissioners, such fact not in-
terfering with his freedom of action in approving or disapproving
the plans.

5.  SAME—VALIDITY OF STATUTE—DISSOLUTION OF EXISTING DISTRICT.—
Acts 1919, No. 202, creating a road improvement district, is not
invalid because providing in section 9 for the taking over of a
district already created under the Alexander Road Law, unless
the validity of some contract is impaired.

6.  STATUTES—ENACTMENT—READING OF BILL.—An act passed with-
out complying with the constitutional requirement that bills be
read on three different days in each house was not invalid where
the rules were suspended by a two-thirds vote to permit the bill
to be passed without compliance therewith.

Appeal from Desha Chancery Court; *E. G. Ham-
mock,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This appeal questions the constitutionality of Act
No. 202, passed by the 1919 session of the General Assem-
bly, which is entitled "An Act Creating Desha Road Im-
provement District No. 2." The act is very similar to
and in many respects is identical with the act attacked in
the case of *Cumnock* v. *Alexander,* the opinion in which
case is rendered simultaneously with this opinion. In-
deed, *amici curiae* have filed briefs in both cases treating
them as one, and we have considered these cases together
as involving in many respects identical questions, so that
in this opinion we will discuss only those questions not
disposed of by the opinion in the *Cumnock* v. *Alexander*
case.

It is first insisted that this act was passed in viola-
tion of section 21 of article 5 of the Constitution, which
provides that "no law shall be passed except by bill, and
no bill shall be so altered or amended on its passage
through either house as to change its original purpose."
The basis of this objection is that the act was introduced

in the Senate as Senate Bill No. 463, and that when the bill reached the House an amendment was adopted which struck out all of the bill after the enacting clause and substituted in lieu thereof the bill which was finally passed. Other facts in connection with this objection will be stated in the opinion.

A second objection is that the act provides for the creation of six separate districts which are designated as sections and that certain lands are included in more than one of these sections and will, therefore, be subject to taxation in each of them.

A third objection is that the board of commissioners is self-perpetuating, as they may elect their own successors, and that this constitutes an infringement of the county court's jurisdiction in that the right to fill these vacancies should be conferred upon, or, rather, should not be taken away from, the county court.

A fourth objection is that the county judge is made *ex-officio* a member of the board of commissioners when, as county judge, he will be called upon to approve matters previously considered by him as a commissioner.

A fifth objection is that no right of appeal is provided against excessive or improper assessments.

A sixth objection is that the act provides for taking over a road improvement district already created under the Alexander Road Law known as Desha Road Improvement District No. 1.

*Amicus curiae* makes the point that the requirements of the Constitution were not observed in the passage of the act, in that the bill was introduced in the Senate on February 24 and read the first time and the rules suspended and the bill read a second time, and the bill made a special order for February 25, on which day it was read a third time and passed, and on the same day it was transmitted to the House. That on February 25 the bill was read the first time in the House, and the rules suspended and the bill read a second time, and on the next day, February 26, it was read a third time and passed, the objection being that the bill was read in both houses on the same day.

*Norman Moore* and *A. A. Poff,* for appellant.

The bill is unconstitutional, because

1.   It was not properly passed by the Legislature, as it violated article 5, section 21, of the Constitution.

2.   The land included comprised two-thirds of the county for the expenses. ·

3.   The act provides for the various sections of the road to be prorated.

4.   The roads do not ·connect and do not form a single improvement.

5.   There is no certainty in the boundaries of the district, and because of this uncertainty there could be no certainty as to the property benefited.

6.   The county judge is named as one of the commissioners.

7.   There is no certainty of making the assessment so as to apply the cost of each section to that section alone.

8.   There is no court designated to which an appeal must be taken.

9.   The act undertakes to create several districts under one board of commissioners.

10.   The roads are not now public roads.

11..   The act provides for taking over a road which has already been formed into Road District No. 1 of Desha County.

See article 5, Constitution 1874; 118 Ark. 294; 122 *Id.* 491; 120 *Id.* 230; 118 *Id.* 119; 89 *Id.* 513.

*E. E. Hopson* and *J. W. House, Jr.,* for appellees.

None of the objections as to the constitutionality of the act or its passage are tenable. *Sallee* v. *Dalton,* decided May 5, 1919; 96 Ark. 410; 104 *Id.* 425; 96 *Id.* 418; 120 *Id.* 277; 132 *Id.* 539. If section 9 of the act is unconstitutional it would not affect the other provisions. The lower court was correct and the decree should be affirmed.

*J. O. A. Bush* and *T. D. Crawford, amici curiae.*

These are fictitious suits and not *bona fide* adversary proceedings, and the questions raised have been passed

upon by many courts and this act is a legislative violation of the constitutional jurisdiction of the county courts. Art. 7, § 28. See also 53 N. E. 1102; 21 U. S. (L. ed.) 141; 131 U. S. Appendix C III; 79 S. E. 676; 118 Ark. 300; 95 *Id.* 618; 80 *Id.* 145; 109 *Id.* 250; 19 Wall. 655; 115 U. S. 550; 186 Fed. 451; 130 Ark. 70; 13 Otto 168; Cooley, Const. Lim., p. 115; 92 Ark. 93.

*F. M. Rogers, amicus curiae.*

This suit was brought to obtain a favorable judicial construction of Act 202, Acts 1919, in order to assure the successful floating of bonds. The act is constitutional and was properly passed. 8 L. R. A. (N. S.) 1107; Digest L. R. A. (old series), 1-70, title "holding office;" 26 Ark. 9; 132 *Id.* 539; 118 Ark. 119; 92 *Id.* 93; 89 *Id.* 513; 118 *Id.* 119; 134 *Id.* 328.

SMITH, J., (after stating the facts). The Constitution imposes no limitation upon the number of amendments which may be made to a bill as it passes through one or both branches of the Legislature. The only limitation in that respect is that "no bill shall be so altered or amended on its passage through either house as to change its original purpose." No attempt is made to show that the original purpose of the bill was altered by the House amendment. Indeed, it is shown that this was only a method of embracing a number of amendments in the form of one amendment and that many sections of the act remained unchanged and that the sections as amended are entirely germane to the original purpose of the bill.

There is no constitutional objection to embracing lands in more than one road district if the lands are benefited by the roads constructed in each of the districts. If the lands receive benefits from improvements being constructed in more than one district they become subject to the tax in each district. *Lee Wilson & Co.* v. *Compton Bond & Mortgage Co.*, 103 Ark. 452.

We think the provision of the act that the commissioners may select their own successors does not encroach

upon the jurisdiction of the county court. If there was any constitutional requirement that the commissioners be selected by the county court, it would have been improper for the Legislature to name the original commissioners—and that objection to the act is not made. Indeed, many acts of the Legislature have been approved by this court in which commissioners were therein named to supervise the construction of the improvement therein authorized. Whether the commissioners who act are the ones named by the Legislature or are the successors of such commissioners their plans are subject to the approval of the county court. These districts are organized for the purpose of aiding the county court in the construction of internal improvements, and the court may approve or reject the plans through which this aid is offered; but it does not invade the jurisdiction of the county court for the Legislature to appoint or to designate these agencies.

We think there is no constitutional objection to making the county judge ex-officio a member of the board of commissioners. His freedom of action in the approval or disapproval of the plans is untrammeled by the fact that he is a member of the board which made them. Whether the plans were made with or without his approval, and whether the judge's membership on the board gives him a more comprehensive view of the plans proposed or not, the fact remains that he has the same right of approval or disapproval that he would have if he were not a member.

Section 14 of the act provides that the commissioners shall designate a date for a hearing on assessments of benefits, and shall cause notice thereof to be given, the form of which is therein set out. Pursuant to this notice the commissioners are required to meet for the purpose of hearing any complaints against assessments, and when these complaints have been heard and the assessments equalized a copy of the assessment book is filed with the county clerk, and thereafter any aggrieved landowner has thirty days within which to bring "legal proceedings

to contest any of said assessments of benefits,'' after which time—in the absence of any such proceeding—the right to objection shall be deemed to have been waived.

It does appear from section 9 of the act that subdistrict No. 5 is created for the purpose of taking over the affairs of an existing road district created under the Alexander road law to improve the road lying in that subdistrict. The act provides that the district therein created ''shall not begin any work of improvement thereon unless and until a majority of the commissioners of such other district shall file with them a writing stating that the project under their control has been abandoned, and they are hereby given power to abandon said project and terminate the existence of the district, and turn over their surveys to this district when paid therefor by it.''

We know of no valid reason why a district organized under either a general or special act of the Legislature may not be dissolved, provided the validity of no contract outstanding at the time of the dissolution is impaired, and no such objection is made to the act under consideration. *Special School Dist. No.* 33 v. *Howard,* 124 Ark. 475.

The objection to the manner of the passage of the act is not well taken. The constitutional requirement that a bill shall be read on three different days in each house is subject to the qualification that by a two-thirds vote the rules may be suspended when the bill may be read the second time or the third time on the same day, and the rules were suspended for the second reading in each house. A bill cannot be read more than twice in either house in one day, but express authority is given for reading it in either house on the same day a first and second or a second and third time, provided the rules be suspended for that purpose by a two-thirds vote. The requirement of the Constitution having been met by a suspension of the rules, it cannot be said that the act was passed with a haste which makes it unconstitutional.

Upon the whole we find no valid objection to the constitutionality of the act, and the decree of the court below holding it constitutional is, therefore, affirmed.

HART, J., dissents.