HARRISON *v.* ABINGTON.

Opinion delivered October 13, 1919.

1. STATUTES—CONSTRUCTION—ERROR WILL BE TREATED AS CLERICAL, WHEN.—If, in the construction of a statute, from the language thereof taken as a whole the court can discover the legislative intent, the court will disregard an error appearing therein, and will treat the same as a mere clerical error.

2. IMPROVEMENT DISTRICTS — DESCRIPTION OF ROAD — POINT OF BEGINNING—ERROR.—A statute, creating a road district in White County, described the same as beginning at "Pope Mill Bridge over Cypress Creek on the line between White and Lonoke counties," and in section 26 it appeared that there was only one bridge across Cypress Creek in that township, which was in section 28. *Held,* under all the facts the recital that the bridge was in sec-

tion 26 was a mere clerical mistake, and that the statute was not invalid for a mere misdecription.

3. ‏ ROADS AND ROAD DISTRICTS—ROUTE—VALIDITY OF STATUTE.—The statute creating a road district is not invalid because it did not specifically describe the route to be followed, but provided, with certain instructions, that the route be selected by the commissioners, the boundary of the district being dependent upon the selection of the route.

4. ‏ ROADS AND ROAD DISTRICTS—LANDS TO BE BENEFITED—CONFLICT IN SECTIONS OF THE STATUTE.—A statute organizing a road district, after designating the northern terminus of the road as at the boundary between A. and C. townships, section 1 of the act provided that no lands in C. township should be included in the district; in section 6 it provided that if the commissioners find that "lands not within the boundary of the district as hereinbefore laid out shall be benefited by the improvement," that they shall assess the benefits on such lands; *held,* the two sections of the statute were not in conflict, and under no circumstances were lands in C. township to be included in the district.

5. IMPROVEMENT DISTRICTS — SAME LAND IN SEVERAL DISTRICTS.— The same land may be included in several improvement districts.

6. SAME—EXCESSIVE BURDEN.—The inclusion of the same land in two improvement districts does not of itself constitute the imposition of an unlawful burden, and it cannot be said that a confiscatory burden is so placed until the amount of the assessment is known.

7. IMPROVEMENT DISTRICTS — PLACE FOR HEARING COMPLAINTS OF PROPERTY OWNERS.—A statute creating a road improvement district is not invalid because it authorizes the commissioners to fix a place other than the county seat for the purpose of hearing the complaints of property owners.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Eugene Cypert,* for appellants.

The special act is invalid for want of proper notice in accordance with section 24, article 5, Constitution of 1874, and because indefinite with respect to the commencement of the road and uncertainty as to boundaries of the district and the lands included. The act is indivisible, and its conflicting clauses render it void. 34 Ark. 224. It is arbitrary and discriminatory. 130 Ark. 70; 83 *Id.* 54; 113 *Id.* 566; 120 *Id.* 230; 122 *Id.* 491; 105 *Id.*

380; 74 N. Y. 183; 30 Am. Rep. 289; 128 N. Y. 190; 2 Ballard on Real Estate, 352; 1 Black on Judgments, 221-226.

*Pace, Campbell & Davis,* for appellees.

1. The act is valid. Proper notice was given. 87 Ark. 8.

2. There is no uncertainty as to the lands nor their description, and the Legislature had the power to delegate to the commissioners the powers to determine the boundaries of the district. 125 U. S. 355.

3. The jurisdiction of the county court is not invaded. *Sallee* v. *Dalton,* 138 Ark. 549; 213 S. W. 762; *Ib.* 767.

4. Mere clerical errors in a bill of description do not render the act invalid. 113 N. E. 831; 44 W. Va. 315; 98 Kan. 46; 170 Pac. 399; 165 *Id.* 835; 172 S. W. 677; 136 Ark. 524.

5. The act is not void for ambiguity, nor indefiniteness or uncertainty. The intention of the Legislature is clear and the description of the road and boundaries sufficiently definite and certain. Cases *supra;* 213 S. W. 767.

6. Lands in one district may also be included in another and larger district. 123 Ark. 13; 103 *Id.* 452; 213 S. W. 773; *VanDyke* v. *Mack,* 139 Ark. 524.

7. Due notice was given and published. The Legislature is the sole judge of the mode of notice. Hamilton Law of Special Assessments, § 141; 1 Page & Jones on Taxation, etc., § 121; 74 N. Y. 183.

McCULLOCH, C. J. This case involves an attack on the validity of a special statute enacted by the General Assembly of 1919 at the regular session creating a road improvement district to be known as the "Beebe, Antioch and Lonoke Road Improvement District" in White County, Arkansas. Acts of 1919, page 2437. Appellants are the owners of real property in the district and seek to restrain the proceedings under that statute. The chancery court sustained a demurrer to the complaint and entered a decree dismissing it for want of equity.

Two of the grounds for attack on the validity of the statute are that notice of introduction of the bill for this statute was not given in accordance with section 24, article 5, of the Constitution, and that the statute is violative of the provision of the Constitution (section 24, article 5), that "where a general law can be made applicable, no special law shall be enacted." Those questions have been decided by this court against the contention of appellants so many times that the law on that subject must be treated as settled.

It is next contended that the act is indefinite and void with respect to the point of commencement of the road to be improved. The language of the complaint on this subject reads as follows:

"They further charge that said act is indefinite, uncertain and conflicting, because it provides that said road to be improved by said board of commissioners, shall begin at 'Pope Mill Bridge' over Cypress Creek, on the line between White and Lonoke counties, in section 26, township 5 north, range 8 west, when in fact the only bridge across Cypress Creek in said township and range is in section 28, two miles from place mentioned in said act; that Cypress Creek runs through section 26 in said township and that Pope Mill Bridge in section 28 is a well known bridge on a public road."

That part of the statute which describes the road and prescribes the boundaries of the district reads as follows:

"A road running from Pope Mill Bridge over Cypress Creek on the Lonoke County line in section twenty-six (26), township five (5) north, range eight (8) west, and running northwesterly through the town of Beebe, on streets to be selected by the commissioners and to and through the town of Antioch, on the route which the commissioners may choose, to the north line of Antioch township; and said district shall embrace all quarter sections of land, any part of which is within three and one-half miles of the road as laid out by the commissioners, except that it shall include no lands in Coffey Township."

(1-2)   The objection to the validity of the statute in this respect is clearly stated in the charge that there was a legislative mistake in describing the commencement of the road at the bridge mentioned and reciting it to be located in section 26, whereas the only bridge so named answering to that description is situated in section 28, two miles distant, and that this inaccuracy renders the statute void.   There is, according to the language of the complaint, which we must accept as true for the purpose of testing the correctness of the court's ruling on the demurrer, an error in describing "Pope Mill Bridge over Cypress Creek on the line between White and Lonoke counties" as being in section 26, but it does not follow that this legislative mistake renders the description void, for if we can, from the language of the statute taken as a whole, discover the legislative intent, it is our duty to disregard the error, treating it as a mere clerical one.   We learn from the language of the complaint that Pope Mill Bridge over Cypress Creek is a very well known bridge on a public road; that it is in section 28, and that it is the only bridge across Cypress Creek in that township.   We take judicial cognizance of the fact that Cypress Creek runs through both of those sections, and that it is the boundary line between Lonoke and White Counties.   It is clear, therefore, from the language of the statute, and considering it in the light of the facts recited in the complaint, that the Legislature meant for the road to begin at this bridge and that the description of the particular section was a clerical mistake.   We should, therefore, disregard that mistake and accept the other language which accurately indicates the legislative will.   In this view of the matter we think we are fully sustained by the decisions of this court in the following cases: *Heinemann* v. *Sweatt,* 130 Ark. 70; *Dorsey Land & Lumber Co.* v. *Board of Directors of Garland Levee District,* 136 Ark. 524.

(3)   It is insisted in the same connection that the act is void for uncertainty because it fails to designate the particular bounds of the district and leaves it to the com-

missioners to determine the boundaries by selecting the route of a portion of the road, and that this is an improper delegation of authority to the commissioners. It will be noticed that the statute does, in fact, authorize the commissioners to select the route of a portion of the road, the point of commencement and a general outline of the route being given in the statute, and that the district shall embrace "all quarter sections of land any part of which is within three and one-half miles of the road as laid out by the commissioners." In other words, it provides for the improvement of a road which commences at Pope Mill Bridge and runs to and through the town of Beebe and thence to the town of Antioch, and thence to the north line of Antioch Township. The town or village of Antioch is in Antioch Township, which is north of Beebe, and Coffey Township is the adjoining township on the north of Antioch Township. The boundary line between Antioch Township and Coffey Township is made the northern terminus of the road, and the commissioners are given the authority to select the route from the town of Antioch to that terminus, but the statute in express words excludes from the boundaries of the district lands lying in Coffey Township. In the recent case of *Van Dyke* v. *Mack,* 139 Ark. 524, 214 S. W. 23, we had under consideration a special statute creating a road improvement district which contained substantially the same provision with respect to laying out the route of the road to be improved, and including all lands within a certain distance of that route when selected by the commissioners. We upheld the statute. The decisions of this court in *Nall* v. *Kelley,* 120 Ark. 277, and *Conway* v. *Miller County Highway & Bridge District,* 125 Ark. 325, also sustains this view. In those cases we drew a distinction between statutes which fixed the assessment regardless of the selection of the route, whilst authorizing the commissioners to make a selection, and those statutes which authorize such selection by the commissioners, but provide for the actual assessment of benefits derived from a road along the route so selected. We think there is no valid objection

to the exercise of legislative power in that way. It does not constitute a delegation of legislative authority.

The contention that the statute deprived the county court of its jurisdiction has been adversely decided by this court in the recent case of *Sallee* v. *Dalton,* 138 Ark. 549, 213 S. W. 762, the statute being identical with respect to the selection of a new route where there is no established public road. The statute in this case, as in the case just cited, provides for an order of the county court laying off a road along the route selected.

The next ground of attack is that there is an irreconcilable conflict between sections 1 and 6 of this statute which renders it void in that section 1 expressly excludes the lands in Coffey Township whilst section 6 contains a provision that the commissioners shall, if they find that "lands not within the boundaries of the district as hereinbefore laid out shall be benefited by the improvement," assess the benefits on such lands and make return thereof. The contention is that section 1 excludes lands in Coffey Township, but that section 6, with equal certainty, authorizes the assessment of benefits thereon, and that this makes an irreconcilable conflict which vitiates the whole statute. We do not think that there is any irreconcilable conflict between those sections, when they are read and considered together. The proper interpretation of section 1, according to the views of a majority of the judges, is that the lands in Coffey Township are absolutely excluded from the operation of the statute—that the boundaries between the two townships mentioned in that section marks the line between the lands to be affected and those not to be affected. The terminus of the road is to be at that line, and no lands beyond it are affected by the statute at all. Now, when the language of section 6 is considered in connection with this, it is clear that the Legislature meant to authorize the assessment of benefits outside of the boundaries of the district which may be found to receive benefits from the improvement, not taking into consideration those lands which have already been in plain words excluded.

The language of section 1 constitutes a legislative determination that the lands in Coffey Township will not be benefited, and it can not be presumed that the Legislature meant to authorize an assessment on those lands or to authorize the board of improvement to inquire whether or not those lands will in fact be benefited. The doctrine announced by this court in *Van Dyke* v. *Mack, supra,* is decisive of this question. The only difference between the cases being that in the case cited the lands excluded from the operation of the statute were situated in another county, although within the five-mile limit prescribed by the statute. We held that the manifest purpose of the Legislature was to include only lands in the county named and that lands in another county, even though within the prescribed limit of five miles, were not intended to be included. We think that by the same rule of interpretation it should be held that the Legislature has in the present statute determined that lands in Coffey Township are not to be considered for any purpose in carrying out the provisions of the statute. The decision in the case just cited, as well as the case of *Cumnock* v. *Alexander,* 139 Ark. 153, 213 S. W. 767, are decisive of the question that it is not an abuse of legislative power to exclude from the assessment of benefits lands lying in Lonoke County beyond the southern terminus of the road to be improved and the lands in Coffey Township beyond the northern terminus of the road.

(6) Another ground of attack is that lands of appellant within this district are also included in another road improvement district previously organized under another statute, and that those lands will be again assessed for this district, and "the increased burden placed on said lands would be far in excess of the amount that said lands should bear or that the law contemplates and to that extent is confiscatory." We have decided in several cases that the same land may be included in several improvement districts. *Lee Wilson & Co.* v. *Compton Bond & Mortgage Company,* 103 Ark. 452; *Keystone Drainage District* v. *Drainage District No.* 16, 121 Ark. 13; *Reitz-*

*ammer* v. *Desha Road Improvement District No.* 2, 139
Ark. 168, 213 S. W. 773; *Van Dyke* v. *Mack, supra.*

The language of the complaint is defective in stating merely a conclusion, rather than stating facts which would justify the charge that the organization of this district will necessarily prove confiscatory of the lands of these parties. *Moore* v. *Board of Directors of Long Prairie Levee District,* 98 Ark. 113. In the case just cited the court dealt with an attack upon a statute creating an improvement district and fixing the amount of the assessment, which constituted a legislative determination of the extent and value of the benefits to accrue from the construction of the improvement, and in that respect the case was different from the one now under consideration; but the principle is applicable for the reason that in the present case it is not alleged that any assessments at all have been made pursuant to the present statute, and the allegations of the complaint constitutes a conclusion, without facts stated to support it, that the inclusion of the lands in another road improvement district would necessarily prove to be burdensome and confiscatory.

The language of this charge carries it own weakness on the very face of it because the mere inclusion of lands in two districts does not of itself, as we have held, constitute the imposition of an unlawful burden, and until the amount of the assessments are known it can not be said that there is any confiscatory burden placed on it by this statute, which provides for an actual assessment of benefits by a board of assessors and an equalization of those assessments upon a hearing given to all property owners after due notice. This provision for notice of the filing of the assessment list in the county clerk's office, and fixing the time and place for a hearing of the complaints made by property owners, answers all of the objections made by counsel for appellants with respect to the feature of the act authorizing the commissioners to fix the boundaries of the district by a selection of the route and levying as-

sessments on lands outside of those boundaries when it will be found that the same would be benefited by the improvement.

(7)  We see no grounds for the attack on the statute because it authorizes the commissioners to fix a place other than the county site for the purpose of hearing the complaints of property owners. In fact, the statute itself fixes the town of Beebe as the place for hearing complaints, and no reason is stated in the brief why it is beyond the power of the Legislature to select the place or to authorize the board of commissioners to select the place. Nor is there any foundation for the charge that the statute, in creating the district and vesting the powers hereinbefore enumerated in the board of commissioners, has undertaken to create a tribunal with judicial powers. Such an improvement district is a governmental agency, and the functions of the commissioners are administrative, and not judicial.

Our conclusion is that all of the attacks made on this statute in the present action are unfounded, and the decree of the chancery court sustaining the demurrer and dismissing the complaint is therefore affirmed.

WOOD and HART, JJ., dissent.