McCord *v*. Welch (1).

Road Improvement District No. 6 *v*. Road Improvement District No. 8 (2).

Opinion delivered February 14, 1921.

1. INJUNCTION—CLOUD ON TITLE.—Where a statute authorizing the county court to annex certain territory to a road improvement district is invalid, the owners of property within such territory have a right to enjoin proceedings in the county court to effect such annexation, as such proceedings would constitute a cloud upon their title.

2. PLEADING—CONCLUSION OF LAW.—In a complaint to enjoin proceedings to place plaintiff's land in a road improvement district, an allegation that the land will not be benefited by the improvement is a mere statement of a conclusion and is not sufficient to overturn the legislative decision that such land will be benefited.

3. HIGHWAYS — REMEDY AGAINST UNJUST ASSESSMENTS.—Since the statute relating to highway improvement districts affords an adequate remedy to owners of property for relief against unjust assessments, the remedy thus afforded must be resorted to.

4. HIGHWAYS—LEGISLATIVE DETERMINATION OF BENEFITS.—Although the county court determined, on the organization of a highway improvement district, that certain lands would not be benefited by being included in a certain road improvement district, this did not preclude the Legislature from determining that they would be benefited and from annexing them to the district.

5. CONSTITUTIONAL LAW—LEGISLATIVE ENCROACHMENT ON JUDICIARY. —Although the county court determined, on the organization of a highway improvement district, that certain lands would not be benefited by inclusion in a road district, a subsequent legislative determination to the contrary did not invade the jurisdiction of the county court, as the Legislature could disregard the court's determination and take up the subject and determine the benefits for itself.

6. CONSTITUTIONAL LAW—JUDICIAL PROCEEDINGS.—The county court, in proceedings in regard to placing land within road improvement districts, acts in an administrative, rather than a judicial, capacity.

7. HIGHWAYS — CONFLICTING SPECIAL ACTS.—Where a special act placed certain territory in one district, and a later special act transferred it to a second district, the later act, to the extent of the conflict only, repeals the prior act.

8. HIGHWAYS—INCLUSION OF TERRITORY WITHIN TWO IMPROVEMENT DISTRICTS.—There is no legal objection to including land in two road improvement districts if benefits are to accrue to it from the improvements in both districts.

Appeals from Little River Chancery Court; *Jas. D. Shaver,* Chancellor; *McCord v. Welch* reversed; *District No.* 6 v. *District No.* 8 affirmed.

*A. D. Dulaney* and *John J. Dulaney,* for appellants.

1. The chancery court erred in granting the injunction to McCord, county judge, because (1) the complaint shows that court is without jurisdiction of the subject-matter. 91 Ark. 534; 7 R. C. L. 1030. (2) The county court has exclusive original jurisdiction over matters relating to county roads with which a chancery court has no power to interfere. Article 7, § 28, Const.; 98 Ark. 64. (3) The county court is a constitutional superior court of record, while chancery courts are created by the Legislature with limited jurisdiction. Article 7, § 1, and *Ib.,* § 15. Equity has no power to restrain another

superior court of record from proceeding to exercise its conceded authority in a regular, lawful manner. 95 Ark. 621. The proceedings of a court without jurisdiction are a nullity. 7 R. C. L. 1033. See, also, 54 Ark. 118; 106 *Id*. 508; 109 *Id*. 250. (4) Neither the act 338 of 1915, nor the validating act, No. 369 of 1920, conferred jurisdiction upon the chancery court to act upon the road matters involved. 22 Cyc. 879; 69 Ark. 376.

2. The chancery court erred in overruling the demurrer of the commissioners of district No. 6 and in granting the injunction against them, because (1) the commissioners were proceeding lawfully under authority of act No. 338, Acts 1915, and the special act 369 of 1920. There is no allegation in appellee's petition that the commissioners were acting unlawfully, capriciously, or were abusing their power or discretion. 84 Ark. 29.

A statute validly enacted can not be repealed by the courts. Act 369 is valid and the Legislature had power to enact it. 216 S. W. 692. Validating the formation of district No. 6 made a legislative determination that appellee's lands were benefited by the proposed road and was an exercise of legislative power which the chancery court could not set aside and could not take said added lands of appellee's out of district No. 6, in the absence of a showing of excessive, unreasonable and exorbitant assessment of benefits. 216 S. W. 692; 218 *Id*. 386.

In defining the boundaries of a road improvement district the Legislature necessarily made a determination as to what lands will and will not be benefited, and it is only in case of demonstrable mistake that the court will declare a statute void. 217 S. W. 260. A legislative determination of benefits has repeatedly been upheld. 215 S. W. 882; 213 *Id*. 767, 773; 133 Ark. 118. Reviewing courts should not substitute their judgments for that of assessors and commissioners unless the evidence clearly shows that the assessment and proceedings are erroneous. 213 S. W. 749; 137 Ark. 573.

In their petition appellees allege that special act 369 was passed without their knowledge or consent and invalidates the act, but the notice required by the Constitution must be presumed to have been given. 216 S. W. 500; 218 *Id.* 386; 220 *Id.* 57; 221 *Id.* 465.

3. A party seeking to enjoin a strictly legal proceeding must first submit to judgment and then proceed to enjoin the enforcement of the judgment. Appellees should have permitted the assessments to be passed on and then, in case of unfair treatment, applied to chancery for injunction. 31 Ark. 373; 21 *Id.* 197; 220 S. W. 38.

4. Appellees allege no facts show comparable injury or that a multiplicity of suits would follow.

5. Appellees had an adequate remedy at law. 106 Ark. 552; 92 *Id.* 118; 10 R. C. L. 273; 29 Ark. 340; 223 S. W. 400.

6. Section 27, act 681 of 1919, is unconstitutional and void. 218 S. W. 384; 213 *Id.* 762, 768. Such extensive powers can not be exercised. 118 Ark. 119; 89 *Id.* 513; 91 *Id.* 274. Section 27 is too vague and uncertain and is invalid. 220 S. W. 311; 215 S. W. 255.

Commissioners can not so alter the boundaries of the district, routes of the roads, etc., so as to destroy the singleness or original plan of the improvement; if so, the statute is invalid. 219 S. W. 23; 213 *Id.* 374; 137 Ark. 355. The cost of the improvement can not exceed the benefits. 133 Ark. 491; 135 *Id.* 102.

7. Section 27, act 681 of 1919, was repealed by implication by special act No. 369 of 1920. 218 S. W. 179; 123 Ark. 184; 120 *Id.* 530.

8. If section 27 is valid it does not apply because appellant district No. 6 has issued bonds.

9. If injunction is not granted appellant will suffer irreparable injury and no adequate remedy at law is available to appellant. 34 Ark. 356.

*Reynolds & Steel,* for appeellees.

1. The court was correct in overruling the demurrers and granting the injunction because the complaint

on its face states no cause of action. Clearly appellees have shown a cause of action against both the county court and the commissioners, and have alleged that a multiplicity of suits would result if the injunction should not be granted. The law has been complied with and no bonds have been issued. Kirby's Digest, § 3965-6-81; 59 Ark. 344; 222 S. W. 59. Since no bonds had been issued in district 6, a levy would be illegal and injunction would lie. 30 Ark. 101-110; 32 *Id.* 527.

2. The petition alleges that a petition in compliance with law has been filed with the commissioners of district No. 8 asking for the transfer of the territory to No. 8.

3. The demurrers admit, so far as this suit is concerned, that every statement in the petition is true.

4. Section 27, act 681, Acts 1919, p. 2721, is valid and has not been repealed by act 369 of 1920. Section 27 is valid (109 Ark. 28; 73 Ark. 536), as it has not been expressly repealed, nor by implication, as the acts are not repugnant. 109 Ark. 28; 50 *Id.* 132; 72 *Id.* 119; 93 *Id.* 621; 112 *Id.* 102; 88 *Id.* 327; 36 Cyc. 1077, etc. A general act is not usually intended to repeal a special act. 2 Ark. 119; 50 *Id.* 132.

5. In the event the act of 1920 is valid, it and section 27, Acts of 1919, are "*in pari materia*," and section 27 is valid. 4 Words and Phrases 3478; 101 Ark. 238; 76 *Id.* 443; 82 *Id.* 302; 80 *Id.* 411; 36 Cyc. 1077-90.

6. The chancery court clearly had jurisdiction and the citations of appellant are not applicable. 222 S. W. 59. A cause of action is stated. 223 S. W. 368.

McCulloch, C. J. These two cases, both involving controversies between two road improvement districts in Little River County and between one of the districts and the owners of certain real property, can be disposed of in one opinion.

Road Improvement District No. 6 is an appellant in each of the cases and was organized under the general statutes of the State authorizing the creation of such dis-

tricts for the construction of rural highways under orders of the county court (Crawford & Moses' Digest, § 5399 *et seq.,* act March 30, 1915, page 1400), and was organized by order of the county court of Little River County on May 14, 1918, to improve a public road running north from Ashdown by way of Wilton to Mills Ferry on Little River.

The General Assembly of 1919, at the regular session enacted a special statute, approved April 3, 1919 (Vol. 2, Road Acts, page 2707), creating Road Improvement District No. 8 of Little River County for the purpose of improving a certain public road running northeasterly from Ashdown.   This statute is in the customary form for the creation of road districts by special statute, and it names the commissioners, describes the boundaries of the district, and authorizes the assessment of benefits for the construction of the described improvement.

Section 27 of that statute reads as follows:

"In case a majority in numbers of landowners, a majority in acreage, or a majority in value, of the landowners in territory adjacent to the district created by this act desire that any such adjacent territory be annexed to and become a part of the district hereby created, they may file their petition with the commissioners of the district, who shall thereupon give notice of such filing by publication for two weeks in some newspaper published and having a general circulation in Little River County fixing a date when all persons will be heard at the circuit court room in the town of Ashdown; and on said date the said commissioners shall assemble and hear all persons who desire to be heard in support of or against said petition, and if the board finds that a majority in acreage, in numbers or in assessed value has petitioned for annexation, it shall enter upon its records an order which shall have all the force of a judgment, annexing such territory to this district; and from that time forward such territory shall be treated in all respects as a part of the district created by this act; and in case said territory is located in any other road improvement dis-

trict which has not issued bonds, the said territory shall cease to form a part of said other district, but for road purposes shall be exclusively a part of the district created by this act.''

Certain tracts of real estate owned severally by Welch and other appellees in the first case mentioned in the caption of this opinion are situated in the angle formed by the two highways to be improved by the two districts mentioned, as those highways converge toward Ashdown, but the lands were not situated in either of the districts at the time they were organized. The General Assembly at the extraordinary session in February, 1920, enacted a special statute incorporating those lands into Road Improvement District No. 6 and authorizing the assessment of betterments thereon, the same as other lands in that district. That statute (unpublished) was approved February 26, 1920. The statute cures defects in the organization of District No. 6, and contains authority ''to construct other laterals within the territory now embraced within said district or to enter into territory that may be annexed to said district if in their judgment and discretion they see fit to do so; provided, that all roads and laterals that may be built shall be upon public roads that are now or may hereafter be declared by the county court of said county to be public roads.''

Said appellees, as the owners of the aforesaid lands, in April, 1920, filed their petition in the county court pursuant to section 27 of the act of April 3, 1919, *supra,* to have their lands annexed to Road District No. 8. In the meantime the assessors of Road District No. 6 proceeded to assess the lands added to the district by the aforementioned special statute and filed their assessment list with the county court. Thereupon Welch and others, who were the owners of the lands annexed to District No. 6 by special statute sought to be annexed to District No. 8 by petition of the property owners, filed a complaint in the chancery court of Little River County against the county judge and the commissioners of Road Improvement District No. 6 praying for an injunction to

restrain the county judge and the commissioners from proceeding to annex the lands mentioned to District No. 6 and from assessing benefits on said lands. This action was commenced after the assessment list had been filed with the county court and before the same had been approved by the court. The chancery court overruled a demurrer to the complaint in that case, and on the refusal of the defendants therein to plead further a final decree was entered in accordance with the prayer of the complaint, and an appeal has been prosecuted from that decree.

The commissioners of Road Improvement District No. 6 also instituted an action in the chancery court against the commissioners of Road District No. 8 to restrain the latter from proceeding to annex to District No. 8 the territory referred to in the petition of the property owners. The chancery court sustained a demurrer to that complaint and dismissed the complaint for want of equity, and an appeal has also been prosecuted from that decree.

It would seem from these recitals that the real controversy between the parties relates to the question of the right of the respective districts to exercise authority over the lands of Welch and the other appellees. The first contention of counsel for appellant in their effort to secure a reversal of the decree in the case first mentioned is that the chancery court has no jurisdiction to entertain a suit to restrain the proceedings in the county court. The solution of this question depends upon whether or not the statute which attempts to annex the disputed territory to District No. 6 is valid, for, if the statute is void, and there is no authority to proceed under such attempted annexation, then the owners of the property in the district have the right to prevent, by injunction issued from the chancery court, such further proceedings. The proceedings, if unauthorized by law, would constitute a cloud upon the title of the owners and equity will afford relief. It will be observed that both of the districts assert authority over the disputed territory—

District No. 6 claiming under the special statute approved February 26, 1920, *supra,* and District No. 8 claiming under section 27 of the special statute approved April 3, 1919.

In the complaint in the first case it is alleged in general terms that the lands of appellees will not be benefited by the improvement constructed in District No. 6. This, however, is a mere statement of a conclusion, and is not sufficient to overturn the decision of the Legislature in enacting the special statute that such lands will be benefited by the improvement. *McClelland* v. *Pittman,* 139 Ark. 341; *Cumnock* v. *Alexander,* 139 Ark. 153; *Rogers* v. *Arkansas-Louisiana Highway Imp. Dist.,* 139 Ark. 322. The statute in question affords an adequate remedy to owners of property for relief against unjust assessments, and the remedy thus afforded must be resorted to. *Bush* v. *Delta Road District,* 141 Ark. 247.

It is next contended that the special statute annexing the new territory to District No. 6 is void for the reason that there had been a previous adjudication by the county court that the lands in question would not be benefited, and that such adjudication must prevail over any determination by the Legislature in passing the statute. It is also argued in this connection that the adjudication by the county court demonstrates the mistake in the legislative finding, and that to permit this finding to be disregarded by the Legislature would constitute an invasion of the jurisdiction of the county court. We do not think that this contention is sound. The complaint contains an allegation in general terms that the county court had adjudged that these lands would not be benefited by the improvement in District No. 6. It can scarcely be said that this allegation is sufficiently definite to set forth the adjudication of the county court, but, conceding that it constitutes a sufficient allegation that the county court, in a proceeding authorized by the general statute, *supra,* determined, upon the organization of the district, what particular lands would be benefited or determined on a petition to annex territory that these

particular lands had not been benefited, we do not think that such a state of facts is sufficient to defeat the legislative will in determining that these lands will be benefited and in annexing them to the district. Such a determination by the Legislature, in spite of the former decision of the county court in the character or proceedings referred to, does not constitute an invasion of the jurisdiction of the county court, and the decision of the county court in those proceedings did not destroy the power of the Legislature to determine for itself the question of benefits and the creation of the district embracing the territory. This is so because the Legislature has original power to create local improvement districts and to determine for itself the benefits to be derived from a given improvement, and, since the Legislature possesses the power in the first instance to dispense with the action of the county court in determining benefits, it may disregard such determination by the county court and take the subject up anew and determine those benefits for itself. The county court in such proceedings does not act in a strictly judicial capacity in the ordinary sense of that term, or as used in the Constitution, but the duties thus performed are administrative. *Mo. Pac. Ry. Co.* v. *Izard County Highway Improvement District,* 143 Ark. 261, 220 S. W. 452. Therefore, the determination by the county court that there were no benefits or that the benefits were insufficient to justify the annexation of the territory to the district would not, as before stated, prevent the Legislature from taking up the subject anew and making a determination for itself.

Now, since the statute has been found to be valid, it constitutes the last expression of the legislative will in regard to the annexation of this territory to a road district. It is provided in section 27 of the act of the special statute creating Road District No. 8 that, in case of annexation of territory to that district if such territory "is located in any other road improvement district which has not issued bonds, the said territory shall cease to form a part of said other district, but for road pur-

poses shall be exclusively a part of the district created by this act.'' The act of February 26, 1920, adding this territory to District No. 6 is necessarily in conflict with the above-quoted provision of section 27, in so far as it might operate on this territory, and must prevail, since it is the last expression of the legislative will. It does not necessarily repeal that feature of section 27, so far as it gives authority to annex territory, but there is such an irreconcilable conflict between the two that it necessarily repeals that feature of the statute, so far as it withdraws the land from the operation of any other district. In other words, notwithstanding the fact that the lawmakers said in section 27 that any territory added to District No. 8 in that manner would be withdrawn from the boundaries of any other district, yet the Legislature subsequently by the enactment of the statute approved February 26, 1920, declared, in express terms, that this particular land should be added to District No. 6.

Our conclusion, therefore, is on this branch of the litigation that the statute adding the disputed territory to District No. 6 is valid and confers authority upon that district to proceed with the assessment of benefits on this land, and the chancery court erred in restraining such proceedings.

In the other case the appellants proceeded under the theory that the inclusion of the disputed territory into the boundaries of District No. 6 necessarily excluded the right of District No. 8 under section 27 of the statute creating that district, from proceeding to annex the territory. This does not follow from the conclusion that the statute annexing the territory to District No. 6 is valid. There is no legal objection to including the territory in both districts if benefits are to accrue from the improvements in each of the districts. *Reitzammer* v. *Desha Road Improvement District,* 139 Ark. 168.

The statutes under which each of these districts are operating provided for ascertainment of benefits by boards of assessors, and, as before stated, there can be

no objections to including them in both districts if it be found that benefits will accrue.

It is contended by counsel for appellants that the question of the validity of section 27 falls within the decision of this court in *Easley* v. *Patterson*, 142 Ark. 52, where it was held that the provisions of the annexation of territory and construction of roads was void because no method of assessment was provided for the improvement of such roads. It will be seen from a perusal of section 27 that it merely provides for annexation of territory found to be benefited by the improvement in the district as originally provided, or by additional improvement authorized under the same statute. There is another section of the statute which authorizes the construction of laterals, but it is unimportant for us to consider that section now, as it has no bearing on the present controversy, which relates solely to the authority of District No. 8 to annex territory found to be benefited by the improvement.

We have refrained from discussing the question whether or not appellant Road District No. 6 is in the attitude to question the authority of District No. 8 to annex territory. That question has not been raised in the case, and it is unnecessary for us to discuss it, since we reach the conclusion that the assault upon the authority of Road District No. 8 is unfounded. The chancery court was correct in the case in sustaining the demurrer to the complaint.

The decree is in the first case therefore reversed and the cause remanded with dirction to dismiss the complaint for want of equity. In the other case the decree is affirmed.

Wood and HART, JJ., dissent.