VAN HOOK v. WALLACE.

Opinion delivered April 5, 1920.

1. HIGHWAYS—IMPROVEMENT DISTRICTS COVERING ENTIRE COUNTY.—Road Laws, 1919, No. 127, creating four separate road improvement districts; the combined territory of which comprised all the real estate of Union County, *held* not invalid as encroaching on the jurisdiction of the county court, as the four districts do not constitute a single improvement distict and were not intended as such.

2. HIGHWAYS—ELECTION—CONTEST.—In the absence of fraud perpetrated to influence the voters in an election to determine whether the operation of Road Laws, 1919, No. 127, creating four road improvement districts comprising the whole of Union County, should be invoked, the result of the election can not be contested in equity.

3. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.—Road Laws, 1919, No. 127, creating four road distrcits in Union County, *held* not invalid as delegating legislative power in submitting to the electors the question of invoking the operation of the statute.

4. HIGHWAYS—JURISDICTION OF COUNTY COURT.—Road Laws, 1919, No. 127, creating road impovement districts, in providing that, if part of the roads to be improved had not been laid out as public roads, the county court should lay them out in accordance with

the general statutes, did not obligate the county court to lay out a road but merely directed the court to exercise its discretion in such case.

5. HIGHWAYS—MAINTENANCE OF ROADS.—Road Laws, 1919, No. 127, creating road districts, *held* not void because providing for maintenance of the improved roads, and continuing the power of the board of commissioners for such purpose.

6. HIGHWAYS—ASSESSMENTS—RELIEF IN CHANCERY.—In view of the provision of Road Laws, 1919, No. 127, for remedy by appeal from assessments, in order to give the chancery court jurisdiction, it must appear that assessments have already been made and that they are demonstrably arbitrary and unjust.

Appeal from Union Chancery Court; *J. M. Barker,* Chancellor; affirmed.

*Mahoney & Mahoney, Neill C. Marsh* and *Mehaffy, Donham & Mehaffy,* for appellant.

1. The only question is, does the complaint state a cause of action? Our contention is that it does, and that the demurrer should have been overruled. It is not right, or lawful, to have the taxes exceed the benefits. The act, No. 127, Acts 1919, is unconstitutional and void, and is contrary to public policy. The act does not include all the lands in the county, but, if so, it violates § 28, art. 7, of our Constitution and usurps the jurisdiction of the county court; the assessments are excessive and arbitrary.

*W. E. Patterson,* for appellees.

The act is valid and constitutional and the complaint does not state a cause of action. 134 Ark. 30; 213 S. W. 162; 127 Ark. 378; 215 S. W. 255; 125 Ark. 425; *Id.* 325; 130 *Id.* 507; *Johns* v. *Road Impt.,* 142 Ark. 73; 213 S. W. 755; 15 Cyc. 423; 49 Ark. 242; 120 *Id.* 277.

McCULLOCH, C. J. The General Assembly of 1919, at the regular session, enacted a statute (Act No. 127 of 1919) creating four separate road improvement districts, the combined territory of all of them comprising the whole of Union County, for the purpose of improving certain roads in the respective districts and maintaining the same, the territory of each district and the

road or roads therein to be improved being fully described in the statute. Separate commissioners were named for each of the districts and assessments authorized to be levied on the benefits to the lands in each district accruing by reason of the respective improvements. Appellant owns lands in one of the districts and instituted this action challenging the validity of the statute and the proceedings thereunder and praying that the commissioners be enjoined from proceeding with the work of constructing the improvement, issuing bonds and levying assessments.

The points of attack made in the complaint are very numerous and cover nearly every section of the statute, but we will treat each of the attacks which are not relied on in the briefs as being abandoned and will dispose of only the questions which appear to be relied on by counsel as sustaining their attack on the validity of the statute.

It is contended, in the first place, that the power conferred by the statute constitutes an encroachment on the jurisdiction of the county court because all of the real estate in the county is embraced. Learned counsel argue the question as if the turning point in the case is whether or not the improvement of all the roads described in the statute constitutes a single improvement, but it is quite clear that all of the roads were not intended to be made the subject-matter of a single improvement, and this is not the turning point of the case. The road or roads to be improved in each one of the districts created must necessarily constitute a single improvement, but it is equally clear that all of the roads in the combined districts do not constitute a single improvement and were not intended as such. All of the districts are created by one statute, but each is a separate district created for the purpose of improving the road or roads mentioned in that particular district and the assessments on land in each of the districts are to be based entirely on the benefits accruing from the improvement to be made in that district. If all of the roads in the four districts are to

be treated as a single improvement, to be improved and paid for by assessments on all the lands of the district, then the case would fall within the doctrine announced in *Road Improvement District No.* 1 v. *Glover,* 89 Ark. 513, and the case of *Swepston* v. *Avery,* 118 Ark. 294. But such is not the state of the case.   In this respect the facts of the case are more like those in the recent case of *Johns* v. *Road Improvement Districts of Bradley County,* 142 Ark. 73, though in that case the whole county was not embraced in the several districts created by the statute under consideration.   The effect of the present statute is the same as if the Legislature had enacted four separate statutes creating separately the four districts created by this statute.

The statute contains a provision for submitting to the electors of the county, at an election called by the county judge, the question of invoking the operation of the statute, and an attack is made in this case upon the validity of the election held pursuant to the terms of the statute.   It is alleged in the complaint that the election was held, and that a majority of the electors voted in favor of invoking the operation of the statute, but that the statute had not been published at the time of the election; that the electors were not familiar with its terms, and none of them had any idea of the probable cost of the improvement, and that those who voted in favor of the adoption did so under the impression that the improvement would not cost more than an average of five cents an acre.   It is not alleged that there was any fraud perpetrated in the election which influenced the voters, and there is therefore no grounds stated for contesting the result.   The statute itself contains no express provision for a contest, but it does provide that the returns of the election shall be made to the county court and that the court "shall count the vote and declare the result and enter its finding upon the records of the court, and said finding shall be conclusive unless an appeal therefrom is taken and perfected within thirty days."

It is unnecessary to determine whether the chancery court had jurisdiction to entertain an attack upon the integrity of the election held pursuant to the terms of the statute or whether the remedy of a contestant is confined to an appeal from the judgment of the county court, for, as before stated, there are no facts alleged in the complaint which constitute fraud, or from which an inference of fraud could be drawn. This attack upon the proceedings is, therefore, unfounded.

This necessarily calls for mention of the feature of the statute which submits to the electors of the county the question of invoking the operation of the statute— whether it amounts to a delegation of legislative power, or whether it is merely a submission to the voters of the question of invoking the benefit of the statute. Of course, as a delegation of legislative power it would be void, but we think it falls within that class of cases where the Legislature has declared the law and left it to the interested parties to determine whether or not its benefits shall be invoked. *Boyd* v. *Bryant,* 35 Ark. 69; *Nall* v. *Kelley,* 120 Ark. 277; *Fenolio* v. *Sebastian Bridge District,* 133 Ark. 380.

The language of the statute with respect to the submission to the electors is to some extent ambiguous, but, when the whole statute is considered together, it is clear that the law makers did not intend to submit the question of making the law, but intended to submit the question of acceptance of its provisions by interested persons.

Another attack is grounded on a section which provides that if any part of a road or roads to be improved have not heretofore been laid out as a public road the county court shall lay out the road in accordance with the provisions of the general statutes. This statute does not require the county court to lay out the road, but is a mere direction to the court to exercise its jurisdiction in that respect when invoked. *Sallee* v. *Dalton,* 138 Ark. 549; *Bush* v. *Delta Road Improvement District of Lee County,* 141 Ark. 247.

The statute provides for the maintenance of the roads authorized to be improved and provides for continuing power of the board of commissioners for that purpose. It is contended that this renders the statute void, but that question is set at rest by the decision in *Dickinson* v. *Reeder, post,* p. 228.

It is alleged in the complaint that the assessments levied amount to $5.40 per acre, and that the levy of additional assessments are authorized to pay for the maintenance of the roads without regard to the benefits, and that the total amount which can and may be assessed against the lands will exceed the benefits. This is a mere statement of a conclusion without stating the facts upon which it is based. The statute itself provides a remedy by appeal from the assessments of the board, and in order to give the chancery court jurisdiction it must appear that the assessments have already been made and that they are demonstrably arbitrary and unjust. *Bush* v. *Delta Road Improvement District of Lee County, supra.*

The statute is in the main a substantial copy of other statutes, the main features of which have been approved by decisions of this court, and there is nothing else in the brief which calls for a discussion.

Decree affirmed.

WOOD and HART, JJ., dissent.