ROAD IMPROVEMENT DISTRICTS 1, 2 AND 3 *v*. CRARY.

Opinion delivered January 30, 1922.

1. HIGHWAYS—ASSESSMENT OF BENEFITS—COLLATERAL ATTACK.—A collateral attack on the assessment of benefits in a road improvement district cannot be made unless it is void on the face of the proceedings.

2. HIGHWAYS—ATTACK ON ASSESSMENT—LIMITATION.—An attack upon the assessment of benefits in a road improvement district on the ground that it was made on the wrong basis, or that the as-

sessors failed to consider the actual amount of benefits to accrue to each tract of land, or that they failed to inspect the lands, or that one of the assessors failed to attend all the time that the assessments were being made, can be made only in the manner and within the time specified in the statute.

3. HIGHWAYS—ZONAL SYSTEM OF ASSESSMENT OF BENEFITS.—An assessment list of benefits which shows on its face that it was made according to the zone system is not invalid, even in a direct proceeding to test its validity, when it is shown that the plan was not adopted arbitrarily in disregard of the actual benefits to accrue.

4. HIGHWAYS—IMPROVEMENT DISTRICT—APPOINTMENT OF RECEIVER.— While the chancery court could restrain the commissioners of a road improvement district from committing waste or other misconduct in excess of their powers, it could not appoint a receiver to take charge of the affairs of the district without statutory power conferred for the purpose of winding up the district.

5. HIGHWAYS—ROAD DISTRICTS COVERING ENTIRE COUNTY.—Road Acts 1919, p. 65, creating three road districts in Dallas County, covering the whole of the county, *held* not invalid as encroaching on the jurisdiction of the county court, as the whole of a county, or any part thereof, can be embraced in an improvement district for the purpose of constructing a single improvement, but separate and distinct improvements cannot be so grouped together as to tax lands affected by one improvement for the purpose of paying the cost of another improvement.

6. HIGHWAYS—VALIDITY OF STATUTE CREATING IMPROVEMENT DISTRICTS.—Road Acts 1919, p. 65, creating three road improvement districts in Dallas County, is not invalid because some of the roads being improved in three districts run from one district into another.

7. HIGHWAYS—CONCLUSIVENESS OF LEGISLATIVE FINDING.—Legislative determination in creating three road improvement districts that the group of roads in each district constitute a single improvement will not be disturbed on appeal unless obviously and demonstrably erroneous.

8. HIGHWAYS—ROAD DISTRICT—ISSUANCE OF INTEREST-BEARING EVIDENCES OF INDEBTEDNESS.—Road Acts 1919, p. 65, creating 3 road districts covering an entire county, is not a violation of the constitutional provision against counties issuing interest-bearing evidences of indebtedness.

9. HIGHWAYS—ROAD DISTRICT—UNIFORMITY OF TAXATION.—1 Road Acts 1919, p. 65, creating three road districts in a county, is not invalid as violating the constitutional provision requiring uni-

formity in taxation, in that it authorizes assessments on real property, but not on personal property; nor is the act invalid in authorizing the assessments of homesteads.

Appeal from Dallas Chancery Court; *J. Y. Stevens,* Chancellor; reversed and affirmed.

*S. F. Morton* and *T. D. Wynne,* for appellants.

The court erred in holding the assessments void. Concurrence of a majority of the assessors was sufficient in absence of showing that an absent member had no notice. Page & Jones, Taxation by Assessment, § 901. Such an irregularity, if it existed, would have been cured by confirmation of the assessment by the court; no appeal having been taken within 30 days, as provided by § 9 of act 6 of Acts of 1919. 132 Ark. 143; 139 Ark. 277; 139 Ark. 173; 144 Ark. 632; 147 Ark. 475; Page & Jones, *supra,* § § 935, 927; 6 How. (N. Y.) 386; 170 Ill. 93; 166 Ill. 48; 95 Ark. 575; 98 Ark. 543; 47 Colo. 79.

The court erred in appointing a receiver. 142 Ark. 21; 144 Ark. 550; 149 Ark. 383.

*Mehaffy, Donham & Mehaffy,* for appellee.

*Coleman & Gantt,* and *Rose, Hemingway, Cantrell & Loughborough, amici curiae.*

McCULLOCH, C. J. The General Assembly of 1919 enacted a statute (Road Acts, 1919, vol. 1, p. 65) creating three road districts in Dallas County, designated as Nos. 1, 2 and 3, the territory of the three districts in the aggregate covering the whole of the county. The statute prescribes the boundary of each district and designates the particular road or group of connecting roads in each district to be improved. The commissioners of each district are designated, and, according to the terms of the statute, they are to proceed with the improvement of the designated roads in each of the respective districts. The statute is in the customary form now in vogue in recent legislation in this State, and authorizes the appraisement and taxation of benefits to the lands in the districts for the purpose of constructing the improvement,

and authorizes the borrowing of money and the issuance of bonds. Each of the districts proceeded with the work authorized by the statute. The benefits were appraised in accordance with the provisions of the statute, and contracts were let, money borrowed, bonds issued and sold. A considerable portion of the work of improveing the designated roads in each district was done prior to the commencement of this suit, the proportionate extent of the work being in dispute.

Appellees are citizens and taxpayers of those districts, and instituted this action in the chancery court of Dallas County, attacking the validity of the statute creating the districts, and all the proceedings thereunder. There is an attack made on the correctness and validity of the assessment of benefits.

The case was tried upon the pleadings and proof, and the chancellor sustained the attack upon the validity of the assessments and rendered a decree setting them aside and restraining the collection of taxes. The court also found that the commissioners had been improvident in the method of constructing the improvements and restrained them from "exercising any further control or management of the said district," and appointed a receiver with instructions to "take charge of and collect all funds and property belonging to each of the defendant districts, and receive and receipt for all such funds and property and hold them safely in his hands until the further orders of this court." The court decided against appellees in their several attacks upon the validity of the statute, and entered a decree dismissing the complaint with respect to those features of the case. The road districts have appealed to this court, and appellees have cross-appealed, bringing up for review that part of the decree which was adverse to their contention.

The first questions to be disposed of are those arising on the direct appeal.

The statute provides, in substance, that the county court shall appoint three assessors to act for each of the

districts and appraise the benefits; that the assessors, after taking the oath of office, shall proceed to assess the benefits to the lands in each of the districts and inscribe the assessments in a book, and, after completing the same, file the assessment lists with the county clerk. The statute then provides that notice of the filing of the assessments and the date of hearing protests in the county court shall be given by publication. It provides that on the day named in the notice the county court shall meet and hear all complaints, "to equalize and adjust the same, and its determination shall be final, unless an appeal is taken and perfected within thirty days thereafter to set aside its findings." The statute further provides that the county court shall enter an order levying the assessments on real property in the district, "which shall have the force and effect of a judgment," and that the remedy against such levy of taxes "shall be by appeal, and such appeal must be taken within twenty days from the time that such levy has been made, and on such appeal the presumption shall be in favor of the legality of the tax." Secs. 8, 9, 11.

The statute was complied with in the appointment of assessors, the filing of the assessment lists, the publication of notice, and the order of the county court levying the assessments. No appeal was prosecuted from the order of the county court in regard to individual assessments or in regard to the levying of the taxes on the benefits. This action in the chancery court attacking the validity of the assessment was filed long after the expiration of the time for appeal. The assessors adopted the plan for assessing benefits according to zones, classifying the lands according to distance from the roads to be improved. It is charged in the complaint that this adoption of the zone system was arbitrary and unreasonable; that the assessors failed and refused to consider actual benefits to accrue from the roads; that each of the assessors was not present at all times when the

assessments were made, and that they did not visit and inspect the lands in the districts.

We have often decided that the method provided in the statute for attacking the validity of the assessment of benefits is exclusive, and that it must be pursued within the time prescribed by the statute. In other words, it has been settled by repeated decisions of this court that a collateral attack cannot be made upon the assessment of benefits unless void on the face of the proceedings. *Reitzammer* v. *Desha Road Imp. District,* 139 Ark. 168; *Summers* v. *Conway & Damascus Road Imp. District,* 139 Ark. 277; *Nettles* v. *Hazelwood Road Imp. District,* 144 Ark. 632; *Sikes* v. *Douglas,* 147 Ark. 469.

If it be true, as charged, that the assessments were made on the wrong basis, and that the assessors failed to consider actual amount of benefits to accrue to each tract of land, or failed to inspect the lands, or if one of the assessors failed to attend all the time that the assessments were being made, these were irregularities which could only be corrected in the manner and within the time specified in the statute. These facts cannot be shown in a collateral attack on the assessment where the assessment is regular on its face, as in this case. The assessment list shows on its face that it is according to the zone system, but we have decided that that method of assessing benefits is not invalid, even in a direct proceeding to test its correctness, when it is shown that the plan was not adopted abitrarily in disregard of the actual benefits to accrue. *Missouri Pacific R. Co.* v. *Conway County Bridge District,* 134 Ark. 292; *Rogers* v. *Highway Imp. District,* 139 Ark. 322; *Hines* v. *Road Imp. District.* 145 Ark. 382; *Board of Improvement* v. *S. W. Gas & Elec. Co.,* 121 Ark. 105.

The chancery court therefore erred in deciding that the assessments were invalid, and in restraining the enforcement of same.

The court also erred in restraining the board of commissioners from exercising further control over the

affairs of the district and in appointing a receiver to take charge of the affairs of the districts and collect the funds and property. *Paving District No. 5* v. *Fernandez,* 142 Ark. 21; *Martin* v. *Hargrove,* 149 Ark. 383. The court could restrain the commissioners from committing waste or from other misconduct in excess of power, but it could not appoint a receiver to take charge of the affairs of the district without statutory power conferred for the purpose of winding up the district.

The first attack on the validity of the statute is on the ground that the constitutional jurisdiction of the county court is invaded by creating a district covering the whole of the county. There is only one statute, but it creates three separate districts. *Cumnock* v. *Alexander,* 139 Ark. 153; *Hamby* v. *Pittman,* 139 Ark. 341. This does not constitute an invasion of the jurisdiction of the county court, even though the whole of the county was embraced. *Bennett* v. *Johnson,* 130 Ark. 507; *Johns* v. *Road Imp. Districts of Bradley County,* 142 Ark. 73; *Van Hook* v. *Wallace,* 143 Ark. 203. There is nothing to be added to the discussion set forth in the opinions in the cases just cited. The whole of a county, or any part thereof, can be embraced in an improvement district for the purpose of constructing a single improvement, (*Bennett* v. *Johnson, supra*), but separate and distinct improvements cannot be grouped together so as to tax the lands affected by one improvement for the purpose of paying the cost of another improvement. *Swepston* v. *Avery,* 118 Ark. 294. It is, however, insisted by learned counsel for cross-appellants that this case is distinguishable from former decisions of this court, particularly the case of *Van Hook* v. *Wallace, supra,* on the ground that some of the roads to be improved run through two of the districts, and, in fact, constitute a single improvement. It appears to be true that some of the roads being improved run from one district into another, but this fact does not distinguish the case from our former decisions, so far as it relates to an invasion of the juris-

diction of the county court. If certain roads running through all three of the districts constitute single im· provements, as contended by counsel, this raises the question whether the Legislature ought to have separated them into separate improvements, but it does not affect the question of the jurisdiction of the county court in authorizing the improvement to be made. through the agency of improvement districts, rather than by general taxation under orders of the county court. Conceding that the particular roads mentioned might have been the subject of a single improvement, the enactment of the statute constitutes a legislative determination that the group of roads in each district constitute a single improvement, and we must respect the determination unless it is obviously and demonstrably erroneous. See cases cited, *supra.*

The other attacks on the constitutionality of the statute on the ground that it, in effect, authorizes the issuance by a county of interest-bearing evidence of indebtedness; that it violates the Constitution with respect to uniformity in taxation by authorizing assessments on real property and not on. personal property, and that it violates the Constitution in that it authorizes the taxation of homesteads, have all been decided against this contention by repeated decisions of this court, and these questions have become so firmly settled that further discussion is unnecessary.

The decree is therefore affirmed on the cross-appeal, but on the direct appeal of appellant the decree is· reversed and the cause is remanded, with directions to dismiss the complaint for want of equity.

HART, J., (dissenting). I cannot agree with that part of the opinion which holds that an assessment of benefits according to the zone method, without taking into consideration anything else except the distance of the land from the road, is an irregularity merely which must· be taken advantage of in the manner provided for and within the time limited by the statute. I recognize that

statutes requiring that an attack must be made on assessments for irregularities and inequalities within a limited time and in a prescribed manner are necessary. Bonds are usually issued to pay the cost of the improvement; and, unless there is some reasonable limit within which actions may be commenced in the respect named, the sale of the bonds would be seriously hampered.

This court has generally upheld statutes fixing a time within which suits may be commenced unless some constitutional right of the taxpayer has been denied or invaded. But defects which are jurisdictional and indispensable, the Legislature cannot cure by limitation statute. *Stiewel* v. *Fencing Dist. No. 6 of Johnson Co.,* 71 Ark. 17. To illustrate, the failure of the assessors to take the oath required by the statute, or even to organize in the manner provided by statute, does not deprive the landowner of any constitutional rights, but to make the assessment of benefits by the zone system, without taking into consideration anything except the distance of the land from the road, is arbitrary and confiscatory; and is therefore a failure to observe a requirement imposed by the Constitution itself and not merely by the Legislature. While we have decided that the zone method of assessing benefits is legal when properly applied, it should not be used as an arbitrary mode of taxing the property of the individual. To make a unit of the entire distance in the zone regardless of other conditions is, in its practical effect, confiscatory in nearly every section of the State. Regard must be had to the topography of the land, the configuration of the earth's surface, the fertility of the soil, the density of population, the use of the land, and its adaptability to any particular use, and everything else that might enter into an assessment of benefits.

Under our Constitution there can be no special taxation without corresponding special benefits. To charge the cost of the improvement of the road in equal proportion upon farms lying within a mile or any other given distance on each side of the road at a fixed sum per

acre is so obviously unreasonable and leads to such a destruction of private property rights that it cannot be upheld upon any principle of law with regard to an assessment according to benefits. The principle of such a system of assessing benefits is so unjust and so ruinous in its consequences that it should not be held to be a proper and lawful mode of assessing benefits. It is a wrong so grievous, and leads to such palpable injustice to the landowner, as to be destructive of the rights of property guaranteed as protected by our Bill of Rights. The result of such a system must inevitably be that the small landowner, or man of moderate means, who becomes in debt by sickness or industrial misfortune, will be compelled to abandon his farm or sacrifice it by sale for much less than its actual value in order to avoid total loss.

The record in the present case shows that in laying off the district into zones, no other matters were taken into consideration except the distance of the land from the roads. Such a system of assessment of special benefits, if made by the Legislature itself, would be void. It could not confirm such an assessment, and a statute prescribing such a method would be unconstitutional and void. Hence the objection was jurisdictional and the Legislature could not cure the defect. In short, our decisions heretofore have been to the effect that the inclusion of unauthorized items does not invalidate the entire assessment, but only makes a case calling for the correction of errors, inequalities, and irregularities, in the manner and within the time prescribed by the statute.

Here the case is essentially different. An attack is made upon the entire assessment as being void because an arbitrary method of making it was adopted. If the method of making the assessment was arbitrary, it necessarily follows that the entire assessment was void; for there can be no special taxation of lands in this State without corresponding benefits.

I also dissent from that part of the opinion which holds that this case is governed by the rule announced in *Van Hook* v. *Wallace,* 143 Ark. 203. In that case there was a section of the statute providing that the act should not be put into operation unless a majority of the qualified electors of Union County should vote to establish the district at an election to be called and held under the directions of the county judge of the county. In the present act provision is made for the improvement of 200 miles of improved roads. It is true the county is divided into three road districts, but the description of the roads shows that it was the intention of the Legislature that they should all be considered as one improvement.

In the Union County act it was provided that if the act was not put into operation, Road Improvement No. 1 as heretofore laid out by the county court, should continue in existence. No such provision is in the present act. When the descriptions of roads in the various districts are read and considered together, it is obvious that the Legislature intended but one improvement, and, in my opinion, the laying of the county off into three districts was merely an evasion of the Constitution. No semblance of jurisdiction over roads by the county court, as guaranteed by the Constitution, is preserved.