DESHA ROAD IMPROVEMENT DISTRICT No. 2 *v.* STROUD.

## Opinion delivered May 22, 1922.

1. HIGHWAYS—ACT CREATING ROAD IMPROVEMENT DISTRICT UPHELD.—
Road Acts ,1919, vol. 1, p. 613, creating a certain road improvement district, *held* a valid act.

2. HIGHWAYS—RIGHT TO ATTACK ASSESSMENTS.—Owners of land in Desha Road Improvement District No. 2, created by Road Acts 1919, vol. 1, p. 613, cannot attack the validity of assessments of their property by joining in a suit attacking same after 30 days from the completion of the assessments, though such suit was instituted within such period.

3. HIGHWAYS—ASSESSMENT ON WRONG BASIS—REMEDY.—Road Acts 1919, vol. 1, p. 613, giving owners of property in a road improvement district 30 days after completion of assessments to commence an action challenging the correctness thereof, is primarily for the benefit of the individual owners in the correction of their own assessments, but, where the whole assessment is on the wrong basis, each owner may have it canceled if his complaint is filed in time, as an assessment made on the wrong basis is tantamount to no assessment.

4. HIGHWAYS—CORRECTION OF INDIVIDUAL ASSESSMENTS.—If a road improvement district as a whole is made on a correct basis, individual assessments may be corrected without declaring the whole assessment void.

5. APPEAL AND ERROR—ORAL TESTIMONY.—Oral testimony in a chancery case will not be considered on appeal unless reduced to writing and filed during the term or unless further time for filing is given by consent.

6. HIGHWAYS—ZONE SYSTEM OF ASSESSMENTS.—The zone system of assessments is not an improper method if it is determined upon by the commissioners in the exercise of judgment, after considering all the elements affecting the benefits.

7. APPEAL AND ERROR—PRESUMPTION WHERE EVIDENCE LACKING.—
Where a substantial portion of the testimony is not properly in the record, it will be presumed that the court's finding as to the mode in which road improvement assessments were made is sustained by the evidence.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; reversed in part.

*E. E. Hopson* and *Coleman, Robinson & House,* for appellants.

1. The assessment is not illegal for having been made in an arbitrary manner, and the evidence would have to show that it was so made, in order to invalidate the assessments of benefits as a whole in the district.

Since the plaintiffs did not resist the assessments on the ground of excessiveness before the commissioners and the county court, they cannot in this suit raise that question, and the only question properly before the court is whether or not there has been a discrimination against the plaintiffs themselves, which has resulted in a confiscation of their property. 251 U. S. 189; 135 Ark. 155; 110 U. S. 347; 164 U. S. 112; 191 U. S. 310; 214 U. S. 359 and cases cited; 181 U. S. 340, 341; 172 U. S. 269; 221 U. S. 550, 553; 139 Ark. 325; 121 Ark. 109; 139 Ark. 322. Under these authorities, it is immaterial that the evidence may show that the taxes assessed are onerous, and higher than the witness thinks they should be, or that inequalities are shown to exist here and there. The question to be decided is whether or not there is such a gross and palpable discrimination as would result in confiscation; and, before an assessment of this kind can be set aside, it must clearly appear that the assessment is invalid as a whole, the burden being on the plaintiffs to establish that fact.

2. The assessment does not amount to confiscation. The court is not justified in substituting its judgment for that of the commissioners, except for some palpable or clearly shown reason. The fact that dissatisfied property owners are of the opinion that the benefits will amount to confiscation will not justify the court in setting aside the assessment. Opinions and speculative testimony of interested witnesses, plaintiffs in the case, should have been excluded. *Road Imp. Dists. 1, 2 & 3* v. *Crary,* 151 Ark. 484. There is no evidence except opinions of interested parties that the assessment would amount to confiscation, and that is overcome by positive testimony on the part of the appellants, by detailed statements of witnesses and the reasons given as to

why the county must necessarily have the improvements. 110 U. S. 347; 154 U. S. 112; 191 U. S. 310; 214 U. S. 359, and cases cited; 172 U. S. 269; 221 U. S. 550, 553

3. The act is not unconstitutional because it includes 98 per cent. of the land in the county.   139 Ark. 168.

4. It is not unconstitutional in delegating to the commissioners the power to issue bonds.

*X. O. Pindall, DeWitt Poe* and *Williamson & Williamson,* for appellees.

1. The decree should be affirmed, because oral and documentary evidence taken in open court was not preserved and incorporated in the transcription in the manner provided by law.   Transcribed stenographic notes taken under order of the court, without consent of parties, must be filed during the term.   *McGraw v. Berry,* 152 Ark. 452.   Where the recitals of a decree show that there was evidence considered which is not contained in the transcript, it will be presumed that the omitted evidence sustains the decree.

2. The Desha Road Improvement District No. 2 is one district under the act creating it, and not six separate districts, and, as is stated in the decree, embraces 98 per cent. of Desha County.   The entire act is therefore unconstitutional and void.   89 Ark. 513; 118 *Id.* 296, 302.

3. Appellants' own statement of facts concedes that some of the plaintiffs filed suit in apt time.   It is immaterial whether the act and entire assessment be declared void at the instance of one taxpayer or many. There is no legal proof that the statutory notice was given or the necessary hearing afforded the taxpayers. The assessment of benefits has been made in an illegal and unconstitutional manner, the enforcement thereof would amount to confiscation, and it is void. 64 Ark. 558; 239 U. S. 478, 60 Law. Ed. 392.   Proof of publication of the notice and hearing cannot be made by any other testimony than the record. 55 Ark. 218, 221; 127 *Id.* 155,

168. Statutory notices against landowners must scrupulously conform to the statute. 135 Ark. 528; 64 Ark. 556.

4. The entire assessment of benefits is illegal and void, because made in an arbitrary manner and without regard to benefits received by each tract of land. 127 Ark. 315, 316, 119 *Id.* 196; *Whaley v. Northern Road Imp. Dist.,* 152 Ark. 573; *Johnson v. Conway,* 151 Ark. 398; 86 Ark. 1, 14; 86 *Id.* 16; 55 N. Y. 604; 48 L. R. A. 851; 50 Ark. 129. The assessment is void because buildings and other improvements were not assessed. 86 Ark. 14-15. The act itself contemplates the assessment of improvements. §§ 1, 2, 14, 16, 17, 27, 30; C. & M. Dig., §§ 9792; 13 N. Y. 126; 86 Ark. 1; 1 N. Y. 569; 52 Tenn. 473; 152 Mo. 421; 240 U. S. 55. The assessment is void because of illegal classification of property. 86 Ark. 14. The assessment of benefits is confiscatory and therefore unconstitutional. 50 Ark. 116; 86 *Id.* 1; 98 *Id.* 543; 68 *Id.* 376; 119 *Id.* 254; 118 *Id.* 303; 147 *Id.* 181-4; 81 *Id.* 562; 83 *Id.* 54; 98 *Id.* 113. See also 32 Ark. 31; 39 *Id.* 202; 84 *Id.* 390; 86 *Id.* 231.

McCULLOCH, C. J. Appellant is a road improvement district which was created by special statute. Road acts, 1919, vol. 1, p. 613. The territory covered is that part of Desha County lying south of the Arkansas River and situated within five miles of either of the respective roads to be improved. It is shown in the present litigation that the territory comprises about ninety-eight per centum of the whole of the county. The roads to be improved are described, and the district is divided into six sections, numbered, respectively, 1 to 6, inclusive, and the lands within five miles of each road are to be assessed for the improvement in that section.

The statute provides for one organization of commissioners of the district, but it is tantamount to the formation of six separate districts with distinct assessments of benefits and levy of taxes to pay for the several improvements. The statute contains the customary pro-

visions for the assessment of benefits and reporting the same to the county court.  It provides that the commissioners, after completing the assessments, shall give notice to the property owners by publication in a newspaper for two weeks, and on the day named the complaints of the property owners shall be heard, and the assessments shall be equalized by increasing or diminishing, according to the proof adduced.  It further provides that after completing the equalization of the assessments the list shall be filed with the county clerk as the completed assessment.

The following provision is found in the statute with reference to further remedy of the property owners:

"Any person not beginning legal proceedings to contest any of said assessments of benefits within thirty days after the completion of said assessments, and the filing of the copies thereof with the county clerk, shall be deemed to have waived any objection he may have thereto, and shall not thereafter be heard in any court of law or equity to question any of said assessments, the plans on which they were made, or any other action of the commissioners.  The term 'persons' wherever used in this act shall include corporations, associations and partnerships."  Road Acts, 1919, vol. 1, p. 624.

The commissioners of this district completed the assessment of benefits by filing a list with the county clerk as provided by statute, and within thirty days thereafter the present action was instituted by some of the appellees—G. W. Stroud, G. K. Morley, D. Morley and Will Roan—who are the owners of land in the district.

In the complaint filed there is an attack upon the validity of the statute creating the district, and also an attack upon the validity of the assessments.

It is alleged that the assessments were not made by the commissioners in accordance with the statute, but were arbitrarily made on the wrong basis and without regard to the proper elements to be considered in determining the benefits.

After the expiration of thirty days from the completion of the assessments, numerous other landowners were made parties plaintiff in the action and joined in the prayer for relief in the original complaint. The commissioners of the district appeared and answered, and the cause was heard by the chancery court on depositions of witnesses, oral testimony and documentary evidence, and a decree was rendered holding that the statute creating the district is unconstitutional and void, and that the assessments are invalid, and the commissioners were enjoined from all further proceedings toward the enforcement of the assessments or from issuing bonds or constructing the improvement.

We are of the opinion that the decree was erroneous to the extent that it declared the statute creating the district to be void and enjoined the commissioners of the district from further proceedings. The questions involved fall clearly within repeated decisions of this court. *Bennett* v. *Johnson,* 130 Ark. 507; *Cumnock* v. *Alexander,* 139 Ark. 153; *Reitzammer* v. *Desha Road Imp. Dist. No. 2,* 139 Ark. 168; *Hamby* v. *Pittman,* 139 Ark. 341; *Johns* v. *Road Imp. Dist. of Bradley Co.,* 142 Ark. 73; *Van Hook* v. *Wallace,* 143 Ark. 203; *Road Imp. Dist. of Dallas County* v. *Crary,* 151 Ark. 484.

The case of *Reitzammer* v. *Desha Road Improvement District, supra,* involved the validity of this identical organization, and we held that the statute was valid. Further discussion of this part of the case is unnecessary.

This suit constitutes a direct attack upon the validity of the assessments of benefits so far as concerns the original complaint filed within thirty days after the completion of the assessments. The plaintiffs who subsequently joined in the action came in too late to join in the direct attack, and so far as they are concerned the case is controlled by the recent decision of this court in *Road Improvement District of Dallas County* v. *Crary. supra.*

The statute giving the owners of property a specified time after the completion of the assessments of benefits to commence an action challenging the correctness of the assessment is primarily for the benefit of the individual property owners in the correction of their own assessments; but where the whole assessment is on the wrong basis, each property owner has his remedy to have it canceled if the complaint is filed within apt time. In other words, the remedy of the property owner is not confined necessarily to the correction of his own assessment, if the assessments as a whole have been made on the wrong basis, for in a direct attack upon the validity of assessments, one made on the wrong basis is tantamount to no assessment at all. *Kirst* v. *Street Imp. Dist.* 86 Ark. 1; *Lee Wilson Co.* v. *Road Imp. Dist.,* 127 Ark. 310.

If the assessments as a whole are made on a correct basis, individual assessments may be corrected without declaring the whole assessment void.

The present case was heard partly on oral testimony, which has not been properly brought into the record. It was not reduced to writing and filed during the term by a stenographer previously designated by the court. It is essential that oral testimony be reduced to writing and filed during the term, unless further time is given by consent. *McGraw* v. *Berry,* 152 Ark. 452.

The testimony which appears in the record by deposition of witnesses, duly taken and filed, is conflicting; some of it tends to sustain the allegation that the assessment was made principally by one of the commissioners without participation by the others, and that the zone system was arbitrarily adopted without due consideration by all of the commissioners and in total disregard of all the elements which go to make up the benefits from a local improvement.

We have often decided that the zone system is not an improper method, if it is determined upon by the commissioners in the exercise of judgment, after con-

sidering all of the elements affecting the benefits. *Board of Improvement* v. *S. W. Gas & Elec. Co.*, 121 Ark. 105; *Missouri Pacific R. R. Co.* v. *Conway County Bridge Dist.*, 134 Ark. 292.

In the absence, however, of a substantial portion of the testimony, which has not been properly brought into the record, we must indulge the presumption that the finding of the court with respect to the method in which the assessments were made is sustained by the evidence.

That portion of the decree which declares the assessments void and restrains the commissioners from enforcing the collection of the same is affirmed, but that portion of the decree which declares the statute creating the district to be void and restraining the commissioners from further proceeding is reversed, and the cause is remanded, with directions to enter a decree dismissing the complaint to that extent.