SMITH v. HOUSE.

Opinion delivered March 31, 1924.

1. APPEAL AND ERROR—DEPOSITIONS—FILED AFTER TERM.—Depositions
   filed after the term at which the case was decided, where no
   time was given for so filing them, will not be considered on
   appeal, though the parties stipulate that they constitute all the
   evidence introduced at the trial.

2. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF EVIDENCE.—
   On appeal, where the evidence heard at the trial is not before
   the court, there is a conclusive presumption that the chancellor's
   findings of fact are supported thereby.

Appeal from Ouachita Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*J. W. Warren,* for appellant.

*J. W. House, Jr.,* for appellee.

SMITH, J. Appellant brought this suit to cancel an oil and gas lease which he had given appellee. He alleged that the lease was void as being without consideration, and that the lease had forfeited by reason of the failure of the lessee to pay the rent within the time limited by the terms of the lease.

Appellee insisted that the rent had been paid in apt time, but that, if this had not been done, appellant had waived the right to declare a forfeiture. The court held that there had been a waiver of the right to declare a forfeiture, and dismissed the complaint as being without equity.

Upon the issues thus joined the court heard oral testimony, and the decree recites that "said testimony is to be reduced to writing by the stenographer (who was named), and filed as depositions in this cause." No time was stated, however, in which this might be done.

The chancery court of Ouachita County, in which the cause was heard, met quarterly in March, June, September and December, and the cause was heard at the March term of the court.

The stenographer transcribed her stenographic notes and filed the transcription as depositions in the case on September 21, 1923, and on the same date a stipulation of the opposing counsel was filed which reads as follows: "It is agreed by and between the attorney for appellants and the attorney for appellee that the depositions of W. S. Pace, W. A. Smith and J. W. House, Jr., as certified by Nina C. McCormick as stenographer, together with the copy of the leases attached thereto, constitute all the evidence introduced on the trial of said cause."

Between the March term of the court, when the cause was heard, and the filing of this stipulation, the June term of the court had intervened and had been held.

The majority of the court have therefore concluded that, inasmuch as no time was given for the filing of the depositions beyond the term of the court at which the testimony was heard and the decision of the court rendered, the depositions were not filed as required by law, and the oral testimony is not therefore properly before us for review, and, this being true, there is a conclusive presumption that this testimony supported the chancellor's finding on the questions of fact presented by this testimony. This, in the opinion of the majority, is the effect of the decisions of this court in the cases of *McGraw* v. *Berry,* 152 Ark. 452, and *Harmon* v. *Harmon,* 152 Ark. 129. The Chief Justice and the writer do not concur in this view.

It follows therefore that the decree of the court below must be affirmed, and it is so ordered.

McCULLOCH, C. J., (dissenting). I express no opinion concerning the merits of this case—the majority having expressed no opinion on that subject—but I dissent from the view taken by the majority that we cannot consider the testimony as a part of the record because the stipulation of counsel was not filed during the term. The cases relied on by the majority, as well as the later cases of *Road Improvement District* v. *Stroud,* 153 Ark. 587, and *Sercer* v. *Hamilton,* 155 Ark. 639, involved the effect of the transcript of a stenographer, and not a stipulation of counsel. The statutory method of bringing oral testimony into the record in chancery cases by filing a certified transcript of the stenographer's notes, or by bill of exceptions as in law cases, is not exclusive. The parties may file a stipulation as to what the testimony was, and there is no sound or legal reason why that cannot be done at any time before the appeal is heard in the Supreme Court. The stipulation of the parties should be treated as conclusive, for no one else is interested in the controversy. Of course, the parties cannot make a new case for appeal by stipulation, for that would constitute an indirect attempt to obtain from this court the exercise of original jurisdiction; but when, as was done

in the present case, the parties have filed in the lower court a stipulation as to what testimony was heard by that court, such stipulation should be treated as conclusive, and the effect is not to make a new case here, but to consider the case on the same record and facts that were presented to the lower court. The stipulation of counsel is unlike a bill of exceptions, which depends for its validity on strict compliance with statutory requirements. It amounts to a consent that the case may be heard on the record thus made, and I perceive no reason why it should be rejected.